```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL EDELL,
                    Petitioner,
                                          MEMORANDUM & ORDER
                                          08-CV-2422 (JS)
          -against-

RANDY JAMES, SUPERINTENDENT,
CAMP GEORGETOWN,
                    Respondent.

----------------------------------X
APPEARANCES:
Daniel Edell:      Daniel Edell, pro se
                   Camp Georgetown
                   3191 Crumb Hill Road
                   Georgetown, NY 13072

Randy James:       Tammy J. Smiley, Esq.
                   Jason Peter Weinstein, Esq.
                   Andrew Fukuda, Esq.
                   District Attorney's Office, Nassau County
                   262 Old Country Road
                   Mineola, NY 11501
```

SEYBERT, District Judge:

On June 12, 2008, Daniel Edell ("Petitioner" or "Edell"), pro se, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking resentencing under the 2005 amendments to the New York Drug Law Reform Act ("DLRA"). For the reasons set forth below, Edell's petition is DENIED.

## BACKGROUND

On November 29, 2000, Petitioner was indicted under Indictment No. 2612N/00 for a total of twelve indictments: one

count of Criminal Sale of a Controlled Substance in the First Degree; two counts in the Second Degree; one count of Criminal Possession of a Controlled Substance in the First Degree; two counts in the Second Degree; five counts in the Third Degree; and one count in the Fourth Degree. (Habeas Pet. 1, D.E. 1.)

Petitioner pled guilty to one count of Criminal Sale of a Controlled Substance in the Second Degree, a class A-II felony. (Id.) On June 21, 2001, Petitioner was sentenced to a term of imprisonment of six years to life, in satisfaction of the Indictment. (Id.) On October 7, 2005, Petitioner filed a motion with the Nassau County Supreme Court to be resentenced under DLRA Chapter 643. (Id. Ex. C at 56.) On February 10, 2006, the County Court denied Petitioner's motion. (Id. Ex. B at 53.) The Court found that Petitioner did not qualify for resentencing since he was more than three years away from parole release eligibility. (Id.)

Petitioner was granted leave to appeal by the New York Supreme Court Appellate Division, Second Department. (Id. Attach. Appellant Br. 31.) On appeal, Petitioner argued that he was eligible for resentencing under the DLRA, or in the alternative, that DLRA Chapter 643 violates the Fourteenth Amendment's Equal Protection Clause. (Id. at 33, 44.) The Second Department affirmed the County Court's judgment, and denied Petitioner's resentencing motion. See People v. Edell,

853 N.Y.S.2d 896, 896 (2d Dep't 2008). In so ruling, the Second Department rejected Petitioner's argument that the DLRA violated the Equal Protection Clause, finding instead that the DLRA's "disparate treatment of inmates with different parole eligibility dates 'is rationally related to the achievement of the valid state objective of ameliorating the conditions of those A-II offenders facing the longest prison time.'" Id.

Petitioner then applied for leave to appeal to the New York Court of Appeals. (Habeas Pet. 6, D.E. 1.) His appeal was dismissed on May 23, 2008. People v. Edell, 10 N.Y.3d 862 (2008). Petitioner now seeks federal habeas corpus relief on the same two grounds he raised in the state courts.

## DISCUSSION

I. Standard for Federal Habeas Review of State Convictions

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provisions apply to this case.[1] See Williams v. Taylor, 529 U.S. 362, 402, 120 S. Ct. 1495, 1518, 146 L. Ed. 2d 389, 423 (2000). AEDPA provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

---

[1] Petitioner filed this action after April 24, 1996, the AEDPA's effective date. Accordingly, the AEDPA applies.

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). AEDPA deference applies only if (1) a state court disposed of the federal claim on the merits, and (2) reduced that disposition to a judgment. Besser v. Walsh, 601 F.3d 163, 179 (2d Cir. 2010). But, "a state court decision need not mention a particular argument or explain the reasons for rejecting it." Dallio v. Spitzer, 343 F.3d 553, 560 (2d Cir. 2003).

"Clearly established federal law refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005). A decision is "contrary to" clearly established Supreme Court precedent if the state court either "arrives at a conclusion opposite to that reached by . . . [the Supreme] Court on a question of law or if the state court decides a case differently than . . . [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A decision is "an unreasonable application of" established federal law if it

4

"correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct. 1910, 1918, 150 L. Ed. 2d 9, 22 (2001). Accordingly, a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411.

II. Petitioner's Writ Must be Denied

A. Questions of State Law are not Cognizable in Federal Habeas Proceedings

Petitioner claims that DLRA Chapter 643 and N.Y. CORRECT. L. § 851(2) qualify him for resentencing to a determinate term of imprisonment. (Habeas Pet. 5, D.E. 1.) The Court does not reach this argument's merits. The DLRA and N.Y. CORRECT. L. § 851 are New York state statutes. Thus, these statutes' interpretations, and the application of those interpretations to Petitioner, raise only state law questions. And "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Rather, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the

United States." Estelle, 502 U.S. at 68. Accordingly, Petitioner's first ground for relief, predicated on how to interpret the DLRA and § 851(2), is DENIED.

B.  Petitioner's Fourteenth Amendment Rights were not Violated

Petitioner also claims that DLRA Chapter 643 violates the Fourteenth Amendment's Equal Protection Clause. (Habeas Pet. 7, D.E. 1.) Petitioner, however, expressly does not base his Equal Protection claim on membership in any protected class. (Habeas Pet. Attach. Appellant Br. 44, D.E. 1.) Rather, Petitioner argues that the DLRA impermissibly treats A-II felons differently, based on their parole eligibility dates, and that this differential treatment lacks a rational basis. (Id.); Hayden v. Paterson, 594 F.3d 150, 169 (2d Cir. 2010) (if the Equal Protection claim does not involve suspect class or a fundamental right, then rational basis review applies).

The Court disagrees. As the Second Department found in rejecting Petitioner's claim, "[t]he statute's disparate treatment of inmates with different parole eligibility dates is rationally related to the achievement of the valid state objective of ameliorating the conditions of those A-II offenders facing the longest prison time[.]" Edell, 853 N.Y.S.2d at 896 (citing Bautista, 809 N.Y.S.2d at 62.) And Petitioner points to no authority suggesting that the Second Department's conclusion

was either "contrary to" established Supreme Court precedent, or "applie[d] [Supreme Court precedent] unreasonably to the facts" of Petitioner's case. Penry, 532 U.S. at 792; see 28 U.S.C. § 2254(d). On the contrary, the only federal authority on point has affirmed the DLRA's rational basis. See Alejandro, 08-CV-1809, 2010 U.S. Dist. LEXIS 50527, *30-31 n.10 (E.D.N.Y. 2010) (Bianco, J.); see also Mendoza v. Miller, 04-CV-1270, 2008 U.S. Dist. LEXIS 60176, *23-24 (N.D.N.Y 2008).

## CONCLUSION

For the foregoing reasons, this Court DENIES the petition for a writ of habeas corpus.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   August __11__ , 2010
         Central Islip, New York